

FILED

JAN 2 5 2007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    )       Case No. 06-23669-C-7
                                         )
ALBERT WEAVER                            )       MC No. ASW-1
                                         )
                                         )
            Debtor.                      )
_____)

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR
PUBLICATION**

These findings of fact and conclusions of law, which

are not intended for publication, are rendered in this

contested matter pursuant to Federal Rule of Civil Procedure 52

as incorporated by Federal Rules of Bankruptcy Procedure 7052

and 9014.

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334.  This is

a core proceeding.  28 U.S.C. § 157(b)(2)(G).



<u>Findings of Fact</u>

Debtor filed his voluntary chapter 7 petition on September 18, 2006. He scheduled a 2006 Harley Davidson ("vehicle") as property of the estate. The first meeting of creditors was held on October 27, 2006. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. Debtor was discharged from all dischargeable debts on January 5, 2007.

On December 19, 2006, MB Financial Bank as successor in interest to Oak Brook Bank, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The fair market value of the vehicle listed on Debtor's schedule is $19,000.00. Movant holds a lien on the vehicle in the approximate amount of $27,738.83. There is no evidence of any other liens against the vehicle.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1). The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue. <u>See</u> L. Bankr. R. 9014-1(f)(1). The evidentiary record is closed. <u>Id.</u>

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor _in personam_ expires when the debtor is granted a discharge.  11 U.S.C. § 362(c)(2)(C).  Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate.  11 U.S.C. § 362(c).  The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization.  11 U.S.C. § 362(d)(2)(B).  The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtor does not appear to have any equity in the vehicle, since the debtor was granted a discharge, the automatic stay has expired as to the debtor.  Thus, the motion insofar as it is directed at the interest of the debtor is moot and will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: January 25, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Albert Lee Weaver
9651 Pasture Rose Way
Elk Grove, CA 95624

Christian J. Younger
1610 Arden Way, #265
Sacramento, CA 95815

Alan Steven Wolf, Esq.
Daniel K. Fujimoto, Esq.
The Wolf Firm, A Law Corporation
38 Corporate Park
Irvine, CA 92606

Prem N. Dhawan
P.O. Box 965
Benecia, CA 94510

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 1/29/07

_Marilyn Rigsby_
Deputy Clerk